# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FILMON KESHI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-cv-234-AGF |
| | ) |
| JULIA CHILDREY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Filmon Keshi for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having carefully considered the petition, the Court has determined that it must be dismissed.

## Background

Petitioner is presently incarcerated in the St. Louis County Justice Center. On February 10, 2017, he plead guilty in the 21st Judicial Circuit Court, St. Louis County, Missouri, to tampering with a motor vehicle. *See State v. Keshi Filmon*,[1] Case No. 16SL-CR07860-01 (21st Jud. Cir. Feb. 10, 2017). He received a one-year term of incarceration, to be served at the Department of Justice Services of St. Louis County. *Id.*

In the instant petition, he alleges that he has satisfied his state sentence, and is presently being held pursuant to a federal detainer and an immigration detainer. He claims the detainers violate his First, Fifth, and Fourteenth Amendment rights, and he states that he has not been taken to appear before a judge. He also claims that he is possibly serving more time than he should, and states that he should be allowed to do "some time off my violation" or go home.

---

[1] In petitioner's state court proceedings, his name is shown as "Keshi Filmon." When petitioner filed the instant petition in this Court, he indicated his name was "Filmon Keshi."

(Docket No. 3 at 8). He asks this Court to "get [him] in front of a judge and tell [him] why [he] is still sitting in St. Louis County." *Id.*

## Discussion

Title 28 U.S.C. § 2241 provides, in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless –

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

Petitioner does not currently meet the federal "in custody" requirement of § 2241. The existence of a federal detainer and/or an immigration detainer alone is insufficient to render him in federal custody, and therefore, the Court presently lacks § 2241 habeas corpus jurisdiction to entertain any challenge to those detainers. *See Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988) (it is well-established that an immigration detainer does not establish federal custody for habeas corpus purposes); *Carter v. Uribe*, 2010 WL 234803, *2 (C.D. Cal. Jan. 13, 2010) (dismissing § 2241 habeas petition brought by state prisoner for lack of jurisdiction on basis that U.S. Marshal's federal detainer letter did not place petitioner in federal custody for habeas corpus purposes); *Powell v. U.S. Marshal Office*, 2009 WL 839999, *4 (E.D. Cal. Mar. 30, 2009) ("The Court has no habeas jurisdiction to entertain a challenge to possible future federal custody

that has yet to eventuate"). For these reasons, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied and dismissed, without prejudice, for lack of subject matter jurisdiction.

Even if subject matter jurisdiction were present, the instant petition would be subject to dismissal. To the extent petitioner can be understood to claim he should be granted credit against any future federal sentence for the time he is spending in state prison, such claim is not yet ripe for consideration. Furthermore, petitioner has yet to exhaust his administrative remedies within the Bureau of Prisons ("BOP"). *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (a prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP; after exhausting BOP remedies, inmate will have the right to file a § 2241 petition). To the extent petitioner can be understood to claim violation of his right to a speedy trial, such claim is not properly before this Court. This Court does not have jurisdiction under § 2241 or any other federal statute to issue a writ of habeas corpus for violation of state law by state authorities. Moreover, while petitioner claims he has filed a grievance within his institution, he presents no evidence that he has raised any speedy trial issue in the state court system. *See Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986) (exhaustion of state remedies is necessary before such a petition can be entertained). The petition is subject to dismissal for these reasons, as well.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of April, 2018.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE